UNITED FLOUR CO. v. VITALE

(May 9, 1927. Opinion and Decree.)
(May 23, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 120, 121.**

A buyer, who agrees to purchase 100 barrels of flour "as needed within ninety days", and furnish the seller "not less than fourteen days prior to the expiration of the contract period such specifications and instruction as will permit the seller to ship" is in default if he fails to give shipping instructions within fourteen days of the expiration of the ninety days, after having been repeatedly urged, in writing, by the seller to give the shipping instructions.

Appeal from First City Court, Section "C". Hon. Wm. V. Seeber, Judge.

Action by United Flour Company against Leo or Louis Vitale.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

J. J. Landry, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The petition alleges that plaintiff sold 100 barrels of flour to be delivered to defendant "as needed within ninety days"; that 35 barrels were accepted by defendant and 65 barrels remained on hand; that repeated efforts, by letters, were made to obtain shipping directions without success and that, finally, the flour was sold and the difference between the price realized and the selling price is the amount demanded here.

The argument is that the flour was sold in eighty-six days, instead of ninety, and that defendant could not be in default until the expiration of the ninety days mentioned in the contract. But the contract which is attached to the petition, contains the following clause:

"That upon the failure on the part of the buyer to furnish shipping instructions when due, or upon his failure to perform any other obligation under this contract, the seller may, upon notice to the buyer, by telegram or letter addressed to the buyer's last known place of business, exercise the following options (a), (b) or (c)."

Option (b) authorizes the sale by plaintiff for the purpose of fixing the damages due for breach of contract as set forth in plaintiff's petition.

Another clause in the contract provides that the buyer "shall furnish to the seller not less than fourteen days prior to the expiration of the contract period such specifications and instructions as will permit the seller to ship".

The contract is dated March 31, 1926. It is alleged that plaintiff called for shipping instructions by letters dated May 20, June 1 and June 9, and June 14, and the flour, it is alleged, was not sold until

June 25, no answer having been received to any of the letters.

It was clearly the duty of defendant to give plaintiff shipping instructions within fourteen days of the expiration of the contract period under the contract, and his failure to do so justified plaintiff in selling the flour.

We are of opinion that the petition states a cause of action.

The judgment appealed from is reversed and the exception of no cause of action overruled and the case remanded for further proceedings.